UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                         CASE NO.  8:15-cr-133-T-26MAP

PHILIP J. FARLEY, III, and
AURELIJIUS BALTUSIS
                                                                    /

**O R D E R**

**BEFORE THE COURT** is Defendant Baltusis' Motion to Dismiss Count Six Under Fed. R. Crim. P. 12(3)(b) (Dkt. 67), and the Government's Response (Dkt.70). After careful consideration of the allegations of the superseding indictment (Dkt. 49), the submissions of counsel, and the applicable law, the Court concludes that the motion should be denied.

Defendant Baltusis argues that Count Six must be dismissed for alleging a continuing violation over the course of 498 days for a substantive offense.  Count Six alleges in pertinent part:

> From at least on or about November 29, 2010, through and including on or about March 31, 2012, in the Middle District of Florida, the defendant, Aurelijius Baltusis, an operator of a renovation at the Urban Style Flats facility that did or would disturb or remove at least 160 square feet of RACM[1] from facility components, did knowingly fail and cause others to

---

[1] RACM is regulated asbestos containing material.

> fail to carefully lower removed or stripped RACM to the ground, in violation of the work practice standard found at Title 40, Code of Federal Regulations, Section 61.145(c)(6)(ii), and incorporated by Pinellas County Code . . . .[2]

The Government responds that "[t]he continuing-offense doctrine is not applicable to Count Six because it is not charged as a continuing offense: that is, that a charge that incorporates conduct outside of the statute of limitations." For the following reasons, the Court agrees that the offense of improper removal of RACM is not a continuing offense as that is term is generally applied.

"A continuing offense is one which is not complete upon the first act, but instead continues to be perpetrated over time." United States v. Rojas, 718 F.3d 1317, 1320 (11th Cir. 2013) (quoting United States v. De La Mata, 266 F.3d 1275, 1288 (11th Cir. 2001)). In determining whether an offense is continuing, the court looks to whether (1) the explicit language of the statute compels such a conclusion or (2) whether the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing offense. De La Mata, 266 F.3d at 1289 (citing Toussie v. United States, 397 U.S. 112, 114-15, 90 S.Ct. 858, 860, 25 L.Ed.2d 156 (1970)). The continuing-offense doctrine is to be construed narrowly and is usually used in the context of calculating the commencement of the statute of limitations because the limitations period does not begin to run until the crime is complete. Toussie, 397 U.S. at 114-15, 90 S.Ct. at 860; Rojas,

---

[2] See docket 49, p. 18.

718 F.3d at 1319 (citing United States v. Gilbert, 136 F.3d 1451, 1453 (11th Cir. 1998)). The continuing-offense doctrine is an exception to the statute of limitations because it begins to run from the date the continuing offense concluded. United States v. Rodriguez-Colon, 979 F.Supp.2d 203, 204 n.1 (D. P.R. 2013) (citing United States v. Smith, 373 F.3d 561, 563-64 (4th Cir. 2004)).

Both the Government and Baltusis agree that there is no issue concerning the expiration of the statute of limitations with respect Count Six. No cases have been cited applying the continuing-offense doctrine to challenge a broad time frame set forth in a particular charge when the defense of the statute of limitations is not raised.[3] Independent research reveals, however, that the continuing-offense doctrine has been applied in the context of a duplicitous count. See United States v. Wright, 2012 WL 1231881, at *3 (S.D. Ala. Apr. 12, 2012) ("While usually employed in evaluating a limitations defense, the doctrine of 'continuing offenses' has occasionally been invoked to refute a claim that a count is duplicitous.").

Failure to properly remove RACM before a renovation may consist of repeated removals of various building materials, which may occur on one day, several days, or multiple times in one day. The Court is familiar with the typical phrasing of charging documents to include "on or about" language, albeit the period alleged in this case is quite

---

[3] See, e.g., Roark v. United States, 2013 WL 1071778, at *3 n.2 (Mar. 12, 2013) (finding Toussie inapplicable because the court was not required to "examine tolling in the context of the government's ability to indict under a criminal statute.").

lengthy. The Government contends that it "expects to present evidence that the Defendant failed to carefully lower or have others carefully lower RACM to the ground repeatedly during the charged time frame, but need only prove that it occurred once."[4] Rather than perhaps prejudice the Defendant by alleging in separate counts each time an improper removal occurred, Count Six of the superseding indictment charges only once for the same conduct. The Court finds that granting this motion potentially exposes Baltusis to more counts of criminal activity, which may prejudice him and would be inappropriate. Cf. Wright, 2012 WL 1231881, at *4 (denying a motion to dismiss based on duplicity as "inappropriate to dismiss these [two] counts and allow the government to seek a fourth superseding indictment including eight counts in place of these two").

It is therefore **ORDERED AND ADJUDGED** that Defendant Baltusis' Motion to Dismiss Count Six Under Fed. R. Crim. P. 12(3)(b) (Dkt. 67) is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, on November 11, 2015.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[4] See docket 70, p. 5.