UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.  8:15-cr-133-T-26MAP

PHILIP J. FARLEY, III
_____/

**O R D E R**

**BEFORE THE COURT** is Defendant Philip Farley's Motion to Exclude Evidence of Other Acts Unrelated to the Charged Offenses (Dkt. 159) and the Government's Response in Opposition (Dkt. 161).  After careful consideration of the acts listed, the argument of counsel, and the applicable law, the Court concludes that the motion is due to be denied.

Defendant's motion seeks *in limine*[1] relief in the form of an order excluding reference to sixteen acts or wrongs listed by the Government: (1) those that are not extrinsic evidence requiring admission pursuant to Rule 404(b) of the Federal Rules of Evidence; (2) those that will show absence of mistake, motive, and intent pursuant to Rule 404(b); and (3) those that may arise on cross-examination, redirect, or rebuttal.[2]

---

[1] As the Supreme Court has noted, the term *in limine* used in a broad sense "refer[s] to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."  United States v. Luce, 469 U.S. 38, 40 n.2, 105 S.Ct. 460, 462 n.2, 83 L.Ed.2d 443 (1984).

[2] See docket159-1.

As noted earlier in this case, "[m]otions *in limine* are disfavored, and admissibility questions should ordinarily be ruled upon as they arise at trial." United States v. Farley, 2016 WL 1305115, at *2 (M.D. Fla. 2016) (reiterating what countless other courts have opined: motions in limine are disfavored and admissibility questions should be ruled on as they arise at trial) (citations omitted).[3] "Accordingly, if evidence is not clearly inadmissable, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context." In re Mirablis Ventures, Inc., 2011 WL 3236027, at *5 (M.D. Fla. 2011) (citing Stewart v. Hooters of Am., Inc., 2007 WL 1752843, at *1 (M.D. Fla. 2007)).  Furthermore, "[d]enial of a motion in *limine* does not insure that the evidence contemplated by the motion will be admitted at trial. Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context." In re Mirablis Ventures, Inc., 2011 WL 3236027, at *5 (citing United States v. Connelly, 874 F.2d 412, 420 (7th Cir. 1989)). Finally, as the Supreme Court has recognized, "Even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." Luce v. United States, 469 U.S. 38, 41-42, 105 S.Ct 460, 463, 83 L.Ed.2d 443 (1984).

After carefully reviewing the Defendant's motion and attachments, as well as the Government's response, the Court is wholly unable to make a pretrial determination

---

[3] See docket 105.

whether the acts listed would be clearly inadmissible at trial. Specifically, the Court is wholly unable to conclude based on the Defendant's submissions, that the enumerated acts are clearly inadmissible either as Rule 404(b) evidence or evidence that is inextricably intertwined with evidence regarding the charged offenses. Indeed, Defense counsel candidly admits that it is "not possible . . . to succinctly summarize all of the relevant facts pertaining to each of the 16 activities . . ."[4] Although defense counsel employed this reasoning against allowing the jury to hear all of the facts so as to avoid confusion and unduly prejudice Mr. Farley, the Court will hear the necessary facts and argument at trial to determine the admissibility when raised by counsel.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** that Defendant Philip Farley's Motion to Exclude Evidence of Other Acts Unrelated to the Charged Offenses (Dkt. 159) is **denied but without prejudice** to being renewed in the trial briefs and at the appropriate juncture of the trial proceedings.

**DONE AND ORDERED** at Tampa, Florida, on March 8, 2017.

                              s/*Richard A. Lazzara*
                              **RICHARD A. LAZZARA**
                              **UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record

---

[4] <u>See</u> docket 159, p. 2.