UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                  CASE NO.  8:15-cr-133-T-26MAP

PHILIP J. FARLEY, III
_____/

**O R D E R**

**BEFORE THE COURT** is Defendant Philip Farley's Consolidated Motion *in Limine* (Dkt. 158) and the Government's Response in Opposition (Dkt. 160).  After careful consideration of the submissions of the parties and the applicable law, the Court concludes the motion should be denied.

**Evidence of Alleged Health Effects of Asbestos**

As anticipated by the defense, the Government acknowledges that it will not introduce evidence in its case-in-chief of the harmful effects of asbestos exposure.  It seeks only to provide the jury with information sufficient to understand the work practice standards for handling asbestos, including that "hazardous" in the context of the National Emissions Standards for Hazardous Air Pollutants (NESHAP) refers to human health.  To this end, the Government will offer an expert from the Environmental Protection Agency (EPA) on NESHAP work practice standards.  The witness, who is not a medical

professional, will "explain that asbestos exposure poses a risk to human health, which is different from evidence about its harmful effects."[1]

The Court finds that the limited evidence the Government wishes to offer does not run afoul of the caveat that evidence must be relevant to proving the elements of the offense charged or presenting defenses to criminal liability. See United States v. Lippold, 2006 WL 3780983, at *2 (C.D. Ill. 2006). Lippold involved the defense's attempt, in a prosecution brought under the Clean Water Act, to offer evidence of the lack of harm to human health or the environment caused by the pollutants discharged without a permit. The Lippold court granted the government's motion *in limine* and found that the harmfulness of any particular pollutant was not an element of the crime charged, and would only confuse the jury. The Court considers general background information on asbestos in explaining the NESHAP work practice standards will aid in the jury's understanding. See Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris, 138 F. Supp.2d 357, 368-69 (E.D.N.Y. 2001) (citation omitted).

### Defendant's Status as Owner

Defendant argues that as a matter of law, he was not an "owner" under NESHAP regulations or case law. He argues he was not an owner because the site at issue was owned by St. Petersburg Housing Authority between May and November 1, 2010, and the site was sold to Urban Style Flats, LLC, on November 1, 2010. Mr. Farley was 100%

---

[1] See docket 160, p. 3.

shareholder of one of the three entities that owned Urban Style Flats, LLC.  He argues that a shareholder is not an "owner" and therefore cannot be held liable under NESHAP.

The NESHAP regulations define "owner or operator of a demolition or renovation activity" as "any person who owns, leases, operates, controls, or supervises the facility being demolished or renovated or any person who owns, leases, operates, controls, or supervises the demolition or renovation operation, or both." 40 C.F.R. § 61.141.  Mr. Farley takes issue only with the Government arguing that he is an "owner" and does not seek to exclude reference to him as "operator" at trial.  First, Defendants rely on case law from the civil context.  Second, Defendant does not argue that any NESHAP regulation or case law excludes him from liability, nor do the regulations distinguish between owner and operator.  The Court finds it is a jury question whether Mr. Farley is an "owner or operator" under NESHAP.

## Asbestos Testing Performed by Government's Experts

Defendant renews its argument that the Government's experts should be excluded from testifying about their collection and testing of building material samples from the property at issue.  The Court stands on its order of April 4, 2016, at docket 105.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** that Defendant Philip Farley's Consolidated Motion in Limine (Dkt. 158) is **denied but without prejudice** to being renewed in the trial briefs and at the appropriate juncture of the trial proceedings.

**DONE AND ORDERED** at Tampa, Florida, on March 9, 2017.

    s/*Richard A. Lazzara*
    **RICHARD A. LAZZARA**
    **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record