<u>**IN THE UNITED STATES DISTRICT COURT**</u>
<u>**MIDDLE DISTRICT OF FLORIDA**</u>
<u>**TAMPA DIVISION**</u>

UNITED STATES OF AMERICA,

    v.

PHILIP J. FARLEY, III

Case No. 8:15-CR-133-T-26MAP
Judge Richard A. Lazzara
Magistrate Judge Mark A. Pizzo

<u>**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**</u>
<u>**WITH GOVERNMENT'S OBJECTIONS NOTED**</u>

Defendant Philip Farley, by and through the undersigned attorneys, hereby files his proposed jury instructions, after conferring with government counsel as directed by the Court.

The government's objections to Mr. Farley's proposed instructions are noted herein. The majority of Mr. Farley's proposed instructions are modifications to the Government's proposals. To aid the Court, Mr. Farley has provided his proposed instructions, followed by a redline comparison to the Government's proposed instructions.

Dated: March 29, 2017

Respectfully submitted,

<u>/s/ Ronald Safer</u>
Ronald S. Safer
Valarie Hays
Deborah Bone
RILEY SAFER HOLMES & CANCILA
Three First National Plaza
70 West Madison Street, Suite 2900
Chicago, IL 60602
(312) 471-8700
(312) 471-8701 (facsimile)
VHays@rshc-law.com
RSafer@rshc-law.com
dbone@rshc-law.com
(admitted *pro hac vice*)

Timothy J. Fitzgerald (FBN 0780618)
Matthew P. Farmer (FBN 0793469)

FARMER & FITZGERALD, P.A.
102 W. Whiting St., Suite 501
Tampa, FL  33602
(813) 228-0095
(813) 224-0269 (facsimile)
fflawpafedtjf@aol.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 29, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

Dated: March 29, 2017          Respectfully submitted,

<u>/s/ Ronald Safer          </u>
Ronald S. Safer
Valarie Hays
Deborah Bone
RILEY SAFER HOLMES & CANCILA
Three First National Plaza
70 West Madison Street, Suite 2900
Chicago, IL 60602
(312) 471-8700
(312) 471-8701 (facsimile)
VHays@rshc-law.com
RSafer@rshc-law.com
dbone@rshc-law.com
(admitted *pro hac vice*)

Timothy J. Fitzgerald (FBN 0780618)
Matthew P. Farmer (FBN 0793469)
FARMER & FITZGERALD, P.A.
102 W. Whiting St., Suite 501
Tampa, FL  33602
(813) 228-0095
(813) 224-0269 (facsimile)
fflawpafedtjf@aol.com

## Defendant's Proposed Instruction No. 1

## B9.1A

## On or About; Knowingly; Willfully – Generally

You'll see that the Second Superseding Indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

***Government's Objections:** Government counsel objects to this instruction, because as set forth in the annotations to this instruction, the charged offenses do not require a particularized knowledge of the law being violated; nor do they require the government to prove that the defendant had an intent to violate a known legal duty, that is, a specific intent to do something the law forbids.*

4

**Defendant's Proposed Instruction No. 1**

**B9.1A**

**On or About; Knowingly; Willfully – Generally**

<u>**DEFENSE COUNSEL ANNOTATIONS AND COMMENTS**</u>

The Second Superseding Indictment, Count Five, alleges Defendant "knowingly and *willfully* conspire[d]…." Second Superseding Indictment, ¶ 21 (ECF. 138) (emphasis supplied).

Eleventh Circuit Pattern Jury Instruction O13.1 General Conspiracy Charge, includes the following element, which must be proven: "the Defendant knew the unlawful purpose of the plan and *willfully* joined it." Eleventh Circuit Pattern Jury Instruction, O13.1 (2016) (emphasis supplied.)

<u>**PATTERN ANNOTATIONS AND COMMENTS**</u>

The Definition of willfulness in this instruction can be used in most cases where willfulness is an element. For crimes requiring a particularized knowledge of the law being violated, such as tax and currency-structuring cases, use 9.1B's definition of willfulness.

The committee in its most recent revisions to the pattern instructions has changed the approach to how "willfully" should be charged in the substantive offenses which include it as an essential element of the offense. The previous editions of the pattern instructions included the following definition that historically has been used in most cases:

> The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

Although this definition has been useful as a general definition that encompasses many different aspects of the legal concept of "willfulness" in a concise and straightforward manner, the Committee has concluded, along with every other Circuit Pattern Instruction Committee that has considered the issue, that the definition is not accurate in every situation. A review of the case law reveals how the courts have struggled with the meaning of "willfulness" as a *mens rea* requirement for substantive criminal offenses. *See Bryan v. United States*, 524. U.S. 184, 189-92, 114 S. Ct. 1939, 1944-45 (1998) ("The word 'willfully' is sometimes said to be 'a word of many meanings' whose construction is often dependent on the context in which it appears." (citing *Spies v. United States*, 317 U.S. 492, 497, 63 S. Ct. 364, 367 (1943)); *see also Ratzlaf v. United States*, 510 U.S. 135, 140-41, 114 S. Ct. 655, 659 (1994); *United States v. Phillips*, 19 F.3d 1565, 1576-84 (11th Cir. 1994) (noting the difficulty in defining "willfully" and discussing the term in various contexts), amended to correct clerical errors, 59 F.3d 1095 (11th Cir. 1995); *United States v.*

5

*Granda*, 565 F.2d 922, 924 (5th Cir. 1978) (noting, *inter alia*, that "willfully" has defied any consistent interpretation by the courts"); *see generally United States v. Bailey*, 444 U.S. 394, 403, 100 S. Ct. 624, 631 (1980) ("Few areas of criminal law pose more difficulty that the proper definition of the *mens rea* requirement for any particular crime.").

Based on the case law, the Committee has concluded that the criminal offenses that expressly include "willfulness" as an essential element can be divided into two broad categories. For the first category (Instruction 9.1A, which encompasses most offenses) "willfully" is defined to require that the offense be committed voluntarily and purposely with the intent to do something unlawful. However, the person need not be aware of the specific law or rule that his or her conduct may be violating. This definition is narrower than the traditional definition that has been used in our pattern charges in the past, but the Committee believes that this narrower definition is required under the law. *See, e.g. Bryan v. United States*, 524 U.S. 184, 118 S. Ct. 1939 (1998) (holding that the term "willfully" in 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D) requires proof that the defendant knew that his conduct was generally unlawful, but does not require that the defendant knew of the specific licensing requirement that he was violating).

The second category of criminal offenses that have "willfulness" as an essential element have a heightened *mens rea* requirement. For this limited class of offenses, the Government must prove more than the defendant knew that his conduct was done with a bad purpose to disobey the law in general. The Government must prove that the defendant had an intent to violate a known legal duty, that is with the *specific* intent to do something the law forbids. For these offenses, the Committee recommends that the definition of "willfully" in Instruction 9.1B be given to the jury. These offenses include currency structuring statutes and certain tax laws, which tend to involve "highly technical statutes that present the danger of ensnaring individuals engaged in apparently innocent conduct." *Bryan*, 118 S. Ct. at 1946 – 47. For example, *see Ratzlaf v. United States*, 114 S. Ct. 655 (1994) (holding that with respect to 31 U.S.C. § 5322(a) and the monetary transaction provisions that it controls, the Government must prove that the defendant acted willfully, *i.e.*, with specific knowledge that the structuring of currency transactions in which he was engaged was unlawful); *see also Cheek v. United States*, 111 S. Ct. 604, 609-10 (1991) (explaining that due to the complexity of tax laws, there is an exception to the general rule that "ignorance of the law or a mistake of law is no defense to criminal prosecution," and "[t]he term 'willfully' [as used in certain federal criminal tax offenses] connot[es] a 'voluntary, intentional violation of a known legal duty'" (citing *United States v. Pomponio*, 429 U.S. 10, 12, 97 S. Ct. 22, 23 (1976) and *United States v. Bishop*, 412, U.S. 346, 360-61, 93 S. Ct. 2008, 2017 (1973))). In *Cheek*, the Supreme Court found error in the trial court's instruction to the jury that in order for the defendant's belief that he was not violating the law to be a defense, his good-faith belief must have been objectively reasonable. The Court further explained, however, that "a defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness and need not be heard by the jury, and, if they are, an instruction to disregard them would be proper." *Cheek*, 498 U.S. at 206, 111 S. Ct. at 613.

The Committee observes that the required mental state may be different even for different elements of the same crime. This possibility should be considered when determining what definition of *mens*

*rea* should be charged. *See Liparota v. United States*, 471 U.S. 419, 423, 105 S. Ct. 2084, 2087 n.5 (1985).

Note: If the Defendant raises a good faith defense, it may be appropriate to give Special Instruction 9 [Good Faith Defense to Willfulness (as under the Internal Revenue Code)], Special Instruction 18 [Good Faith Reliance Upon Advice of Counsel].

**Defendant's Proposed Instruction No. 2**

**Violation of Asbestos Work Practice Standards**

**Definitions**

There are a number of terms that you will hear throughout my instructions that may be unfamiliar or used in specific ways in the context of this case. I will define those terms for you now. These definitions apply to all of the counts and instructions in this case.

The term "asbestos" means the asbestiform varieties including serpentinite (chrysotile).

The term "person" is defined in the Clean Air Act as an individual or corporation, and any agent or employee of a corporation.

The term "facility" means, among other things, any commercial or residential structure, installation, or building. To be a facility, a residential building must have more than four dwelling units. An installation means any building or structure or any group of buildings or structures of a single renovation site that are under the control of the same owner or operator.

The term "facility component" means any part of a facility including equipment.

The term "renovation" is defined as altering a facility or one or more parts of a facility in any way, including the stripping or removal of regulated asbestos-containing material or "RACM" from any part of a facility.

The term "friable asbestos material" means any material containing more than one percent asbestos as determined using the method specified in appendix E, subpart E, 40 CFR part 763, section 1, Polarized Light Microscopy, that, when dry, can be crumbled or reduced to powder by hand pressure. If the asbestos content is less than 10 percent as determined by a method other than point counting by polarized light microscopy, the asbestos content must be verified by point counting using polarized light microscopy.

8

***<u>Government's Objections:</u> Government counsel objects to defense counsel's proposed definition of "friable asbestos materials" as it does not fully and accurately or fairly state the law, and proposes its own definition.***

The term "regulated asbestos-containing material" or "RACM" includes friable asbestos material, and non-friable asbestos-containing material that will be or has been subjected to sanding, grinding, cutting or abrading or has a high probability of becoming or has become crumbled, pulverized, or reduced to powder, by the forces expected to act on the material in the course of renovation operations.

***<u>Government's Objections:</u> Government counsel objects to the deletion of the definition of "resilient floor covering."***

An "owner or operator of a renovation activity" is defined as any person who owns, leases, operates, controls, or supervises the facility being renovated or any person who owns, leases, operates, controls, or supervises the renovation, operation, or both.  The defendant's control over the renovation activity need not be sole or exclusive, that is, he need not be the only one in charge.

The term "strip" means to take off RACM from any part of a facility or facility components.

The term "remove" means to take out regulated asbestos-containing material or facility components that contain or are covered with regulated asbestos-containing material from any facility.

**Defendant's Proposed Instruction No. 2**

**Violation of Asbestos Work Practice Standards**

**Definitions**

**DEFENSE ANNOTATIONS AND COMMENTS**

Definition of "Friable Asbestos-Containing Material"

40 C.F.R. § 61.141

**Defendant's Proposed Instruction No. 3**

**Violation of Asbestos Work Practice Standards**

**Failure to Thoroughly Inspect for Asbestos Prior to Renovation**

**42 U.S.C. § 7413(c)(1)**

In Count One, defendant Philip J. Farley III, is charged with failure to thoroughly inspect a facility where renovation would occur for the presence of asbestos prior to the commencement of renovation activities in violation of the Clean Air Act and NESHAP Asbestos Work Practice Standards.

A defendant can be found guilty of the offense found in Count One only if all of the following facts are proved beyond a reasonable doubt:

1.     On April 26, 2010 to November 18, 2010, the defendant was the owner or operator of a renovation at the facility;

2.     A renovation activity occurred at the facility;

3.     The material disturbed by the renovation activity was regulated asbestos containing material, that is material containing more than 1 percent asbestos as determined using the method specified in appendix E, subpart E, 40 CFR part 763, section 1, that, when dry, can be crumbled, pulverized, or reduced to powder by hand pressure;

4.     The amount of regulated asbestos-containing material disturbed by the renovation was at least 160 square feet; and

5.      The defendant knowingly failed to thoroughly inspect the affected facility or part of the facility where the renovation would occur for the presence of asbestos prior to commencement of renovation.

The applicable regulation does not define thorough inspection.  You should use your common sense when determining whether the defendant thoroughly inspected the Urban Style Flats complex for the presence of asbestos prior to commencing a renovation activity.

***Government's Objections:*** **Government counsel objects to the elements proposed by the defense instruction because they do not accurately or fairly state the law, and proposes its own elements.**

## Defendant's Proposed Instruction No. 3

### ANNOTATIONS AND COMMENTS

42 U.S.C. §§ 7412; 7413(c)(1)

40 C.F.R. § 61.141

40 C.F.R. § 61.145(a)

*United States v. Dykes* (S.D. Fla., No. 05-80173-CR-HURLEY/VITUNAC), Jury Instructions at 9-10, Dkt. 80 (elements include that (1) the renovation activity must involve at least 160 square feet of regulated asbestos-containing material and (2) that defendant must know that asbestos was involved in the renovation activity)

*United States v. Izurieta*, 710 F.3d 1176, 1182 (11th Cir. 2013) ("When ambiguity exists, 'the ambit of criminal statutes should be resolved in favor of lenity….'"); *United States v. Berdeal*, 595 F. Supp. 2d 1326, 1334 (S.D. Fla. 2009).

**Defendant's Proposed Instruction No. 4**

**Violation of Asbestos Work Practice Standards**

**Removal of RACM Without a Properly Trained On-Site Representative**

**42 U.S.C. §§ 7412 and 7413(c)(1)**

In Count Two, defendant Philip J. Farley III is charged with removing and causing the removal of RACM without the presence of a properly trained on-site representative, in violation of the Clean Air Act and Asbestos Work Practice Standards.

A defendant can be found guilty of the offense found in Count Two only if all of the following facts are proved beyond a reasonable doubt:

1. On April 26, 2010 to November 18, 2010, the defendant was the owner or operator of a renovation at the facility;

2. The material disturbed by the renovation activity was regulated asbestos-containing material, that is material containing more than 1 percent asbestos as determined using the method specified in appendix E, subpart E, 40 CFR part 763, section 1, that, when dry, can be crumbled, pulverized, or reduced to powder by hand pressure;

3 The amount of the regulated asbestos-containing material disturbed by the renovation activity was at least 160 square feet;

3. The defendant knew that asbestos-containing material was to be stripped, removed, handled, or disturbed in the facility; and

14

4.      The defendant knowingly stripped, removed, handled or disturbed, or caused another person to strip, remove, handle or disturb, regulated asbestos-containing material without the presence of at least one on-site representative trained in asbestos regulation.

The term "on-site representative trained in the provisions of the asbestos regulations and the means of complying with them" means a foreman or management level person or authorized representative of the owner or operator, who has had training that included at a minimum: applicability of the regulations; notifications to EPA in advance of asbestos jobs; material identification; control procedures for removals, including, at least, wetting, local exhaust ventilation, negative pressure enclosures, glove-bag procedures, and High Efficiency Particulate Air (HEPA) filters; waste disposal work practices; reporting and record keeping; and asbestos hazards and worker protection.  This person must also have refresher training in the regulations every two years.

**<u>Government's Objections:</u> Government counsel objects to the elements proposed by the defense instruction because they do not accurately or fairly state the law, and proposes its own elements.**

## Defendant's Proposed Instruction No. 4

### ANNOTATIONS AND COMMENTS

42 U.S.C. §§ 7412 and 7413(c)(1)

40 C.F.R. § 61.141

40 C.F.R. §§ 61.145(c)(1) and c(8)

*United States v. Ho*, 311 F.3d 589, 605-606 (5th Cir. 2002) (holding that the Government must establish that defendant had knowledge of the presence of asbestos in the materials at issue <u>and</u> knowingly disturbed or caused the disturbance of the asbestos).

*United States v. Weintraub*, 273 F.3d 139, 151-152 (2d Cir. 2001) (jury had to find that defendant "knew that the charged conduct involved asbestos" and had "knowledge of particular wrecking and dismantling that broke up asbestos").

*United States v. O'Malley*, 739 F.3d 1001, 1006-07 (7th Cir. 2014) (government was required to prove that defendant was "knowingly working with asbestos containing material" in order to meet *mens rea* requirement under 42 U.S.C. § 7413(c)(1)).

*United States v. Loder,* No. 10-059, Dkt. 198, Jury Instruction at 13 (M.D. Fla. Jan. 27, 2011) ("Guilty knowledge cannot be established by demonstrating mere negligence, carelessness or even foolishness on the part of a defendant.")

**Defendant's Proposed Instruction No. 5**

**Violation of Asbestos Work Practice Standards**

**Failure to Carefully Lower RACM Removed from a Facility**

**42 U.S.C. §§ 7412 and 7413(c)(1)**

In Count Three, defendant Philip J. Farley III is charged with failing and causing others to fail to carefully lower RACM being stripped or removed from a facility component in violation of the Clean Air Act and NESHAP Asbestos Work Practice Standards.

A defendant can be found guilty of the offense found in Count Three only if all of the following facts are proved beyond a reasonable doubt:

1. On April 26, 2010 to November 18, 2010, the defendant was the owner or operator of a facility to be renovated;

2. The material disturbed by the renovation activity was at least 160 square feet of regulated asbestos-containing material, that is material containing more than 1 percent asbestos as determined using the method specified in appendix E, subpart E, 40 CFR part 763, section 1, that, when dry, can be crumbled, pulverized, or reduced to powder by hand pressure;

3. The amount of the regulated asbestos-containing material disturbed by the renovation activity was at least 160 square feet;

3. The defendant knew that asbestos-containing material was to be stripped, removed, handled, or disturbed in the facility; and

4. The defendant knowingly failed, or caused others to fail, to carefully lower removed regulated asbestos-containing material to the floor or ground.

17

To "carefully lower" means to bring the material to the ground, without dropping, throwing, sliding, damaging or disturbing the material.

**<u>Government's Objections:</u> Government counsel objects to the elements proposed by the defense instruction because they do not accurately or fairly state the law, and proposes its own elements.**

18

**Defendant's Proposed Instruction No. 5**

**<u>ANNOTATIONS AND COMMENTS</u>**

42 U.S.C. §§ 7412 and 7413(c)(1)

40 C.F.R. § 61.141

40 C.F.R. § 61.145(c)(1) and (c)(2)(ii).

*United States v. Ho*, 311 F.3d 589, 605-606 (5th Cir. 2002) (holding that the Government must establish that defendant had knowledge of the presence of asbestos in the materials at issue <u>and</u> knowingly disturbed or caused the disturbance of the asbestos).

*United States v. Weintraub*, 273 F.3d 139, 151-152 (2d Cir. 2001) (jury had to find that defendant "knew that the charged conduct involved asbestos" and had "knowledge of particular wrecking and dismantling that broke up asbestos").

*United States v. O'Malley*, 739 F.3d 1001, 1006-07 (7th Cir. 2014) (government was required to prove that defendant was "knowingly working with asbestos containing material" in order to meet *mens rea* requirement under 42 U.S.C. § 7413(c)(1)).

*United States v. Loder,* No. 10-059, Dkt. 198, Jury Instruction at 13 (M.D. Fla. Jan. 27, 2011) ("Guilty knowledge cannot be established by demonstrating mere negligence, carelessness or even foolishness on the part of a defendant.")

**Defendant's Proposed Instruction No. 6**

**Violation of Asbestos Disposal Standards**

**Failure to Deposit at a Proper Disposal Site**

**42 U.S.C. §§ 7412 and 7413(c)(1)**

In Count Four, defendant Philip J. Farley III is charged with failure to deposit all asbestos-containing waste material removed or stripped from Urban Style Flats at a proper waste disposal site in violation of the Clean Air Act and Asbestos Work Practice Standards. In Count Five, defendant Philip J. Farley III is charged with conspiracy to fail to deposit all asbestos-containing waste material removed or stripped from Urban Style Flats at a proper waste disposal site in violation of the Clean Air Act and Asbestos Work Practice Standards.

A defendant can be found guilty of the offenses found in Counts Four and Five only if the following facts are proved beyond a reasonable doubt:

1. In the periods specified in those counts, the defendant was the owner or operator of a facility to be renovated;

2. The material disturbed by the renovation activity was at least 160 square feet of regulated asbestos-containing material, that is material containing more than 1 percent asbestos as determined using the method specified in appendix E, subpart E, 40 CFR part 763, section 1, that, when dry, can be crumbled, pulverized, or reduced to powder by hand pressure;

3. The amount of regulated asbestos-containing material to be disturbed by the renovation activity was at least 160 square feet;

20

4.    The defendant knew that asbestos-containing material was to be stripped, removed, handled, or disturbed in the facility; and

5.    The defendant knowingly failed and cause others to fail to deposit regulated asbestos-containing waste material from the facility as soon as was practical at a proper waste disposal site, or an EPA-approved site that converted regulated asbestos-containing material and asbestos-containing waste material into non-asbestos material.

A "proper waste disposal site" for asbestos-containing waste is one which must not have any visible emissions to the outside air or must be covered every 24 hours with specified materials to suppress dust or use an EPA approved alternative emissions control method, must have warning signs and fencing, must maintain waste shipment records, must maintain records of the location, depth and area, and quantity of asbestos containing waste material within the disposal area, and must notify the EPA prior to excavating or otherwise disturbing any asbestos containing waste material.

An "EPA-approved site that converted regulated asbestos-containing material and asbestos-containing waste material into non-asbestos material" means a site constructed after approval by EPA which must provide test results, including results of sample analyses using polarized light microscopy, to demonstrate that such material was or will be successfully converted; must continuously monitor its conversion of materials into asbestos-free materials; must maintain records on-site for its analyses, operating and performance logs, and waste shipments received; and must file quarterly compliance reports with EPA.

21

***Government's Objections:*** *Government counsel objects to the elements proposed by the defense instruction because they do not accurately or fairly state the law, and proposes its own elements.*

## Defendant's Proposed Instruction No. 6

## ANNOTATIONS AND COMMENTS

42 U.S.C. §§ 7412 and 7413(c)(1)

40 C.F.R. § 61.141

40 C.F.R. § 61.145(c)(1)

40 C.F.R. § 61.150 (Section 61.150(b) regulations applicable some, but not *all* asbestos-containing waste materials).

*United States v. Ho*, 311 F.3d 589, 605-606 (5th Cir. 2002) (holding that the Government must establish that defendant had knowledge of the presence of asbestos in the materials at issue <u>and</u> knowingly disturbed or caused the disturbance of the asbestos).

*United States v. Weintraub*, 273 F.3d 139, 151-152 (2d Cir. 2001) (jury had to find that defendant "knew that the charged conduct involved asbestos" and had "knowledge of particular wrecking and dismantling that broke up asbestos").

*United States v. O'Malley*, 739 F.3d 1001, 1006-07 (7th Cir. 2014) (government was required to prove that defendant was "knowingly working with asbestos containing material" in order to meet *mens rea* requirement under 42 U.S.C. § 7413(c)(1)).

*United States v. Loder,* No. 10-059, Dkt. 198, Jury Instruction at 13 (M.D. Fla. Jan. 27, 2011) ("Guilty knowledge cannot be established by demonstrating mere negligence, carelessness or even foolishness on the part of a defendant.")

**Defendant's Proposed Instruction No. 7**

**S1.1**
**Testimony of Accomplice, Informer, or Witness with Immunity**

You must consider some witnesses' testimony with more caution than others.

For example, paid informants, witnesses who have been promised immunity from prosecution, or witnesses who hope to gain more favorable treatment in their own cases, may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

*__Government's Objections__: Government counsel objects to this instruction because no such witness is to be called.*

**Defendant's Proposed Instruction No. 7**

**<u>ANNOTATIONS AND COMMENTS</u>**

*See United States v. Shearer*, 794 F.2d 1545, 1551 (11th Cir. 1986). *See also United States v. Solomon*, 856 F.2d 1572 (11th Cir. 1988), cert. denied, 489 U.S. 1070, 109 S. Ct. 1352, 103 L. Ed. 2d 820 (1989) (holding that, as a general rule, a cautionary instruction regarding the credibility of accomplices should be given).

Eleventh Circuit Pattern Jury Instruction, S1.1 (2016).

**Defendant's Proposed Instruction No. 8**

**Violation of Asbestos Work Practice Standards**

**Testing and Sampling Requirements Under the Regulations**

To determine whether a material is regulated asbestos-containing material under the law, Appendix E requires certain testing and sampling methods are followed.  These requirements include:

If a friable material is found, a representative sample should be taken from within the material itself by penetrating the depth of the material with a sample container.  It is important to penetrate the material because it may have been applied in more than one layer or covered with paint or a protective coating.[1]

The asbestos content of a sample is to be determined using a point-counting procedure or an equivalent estimation method.  Point counting is conducted by counting a total of 400 points over at eight slides with the points evenly distributed between each slide.[2]

If a material contains discrete layers or strata, each layer is treated as a separate material so that fibers are first identified and quantified in that layer only, and then the results for each layer are combined to yield an estimate or asbestos content for the whole sample.[3]

---

[1]  Appendix E, subpart E, 40 CFR part 763, section 1, Polarized Light Microscopy § 1.7.1 (Sampling); Reference 5 to Appendix E, *Asbestos-Containing Materials in School Buildings: A Guidance Document*, Part I, at p 9.

[2]  Appendix E, subpart E, 40 CFR part 763, section 1, Polarized Light Microscopy §§ 1.1 (Principle and Applicability), 1.7.2.4 (Quantification of Asbestos Content).

[3]  Appendix E, subpart E, 40 CFR part 763, section 1, Polarized Light Microscopy § 1.7.2.1 (Gross Examination).

***Government's Objections:*** *Government objects to this instruction because it does not accurately or fairly state the law.*

**Defendant's Proposed Instruction No. 8**

**ANNOTATIONS AND COMMENTS**

40 C.F.R. § 61.141 (definition of friable asbestos materials).

Appendix E, subpart E, 40 C.F.R. part 763, section 1, Polarized Light Microscopy § 1.7.1 (Sampling); Reference 5 to Appendix E, Asbestos-Containing Materials in School Buildings: A Guidance Document, Part I, at p 9.

Appendix E, subpart E, 40 C.F.R. part 763, section 1, Polarized Light Microscopy §§ 1.1 (Principle and Applicability), 1.7.2.4 (Quantification of Asbestos Content).

Appendix E, subpart E, 40 C.F.R. part 763, section 1, Polarized Light Microscopy § 1.7.2.1 (Gross Examination).

**Defendant's Proposed Instruction No. 9**

**O13.1**
**General Conspiracy Charge**
**18 U.S.C. § 371**

It's a separate Federal crime for anyone to conspire or agree with someone else to do something that would be another Federal crime if it was actually carried out.

A "conspiracy" is an agreement by two or more people to commit an unlawful act. In other words, it is a kind of "partnership" for criminal purposes. Every member of a conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement.

The Government does not have to prove that the members planned together <u>all</u> the details of the plan or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

The heart of a conspiracy is the making of the unlawful plan itself followed by the commission of any overt act. The Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) From at least on or about November 18, 2010, through and including on or about December 22, 2010, two or more persons in some way agreed to try to accomplish a shared and unlawful plan to violate the regulations as described in the elements of the charge in Count Four;

(2) the Defendant knew the unlawful purpose of the plan and willfully joined in it;

(3) during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the indictment; and

(4) the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

An "overt act" is any transaction or event, even one that may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy

A person may be a conspirator without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan and willfully joined in the plan on at least one occasion, that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. A person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

**_Government's Objections_**_: Government objects to altering the pattern instruction._

## ANNOTATIONS AND COMMENTS

18 U.S.C. § 371 provides:

> If two or more persons conspire… to commit any offense against the United States… and one or more of such persons do any act to effect the object of the conspiracy, each [shall be guilty of an offense against the United States].

Maximum Penalty: Five (5) years imprisonment and applicable fine.

*See United States v. Horton*, 646 F.2d 181, 186 (5th Cir. 1981).

The committee believes that the general definition of "willfully" in Basic Instruction 9.1A would usually apply to this crime.

Eleventh Circuit Pattern Jury Instruction (2016) (modified to include count specific material).

**Defendant's Redline Comparison to the Government's Proposed Instructions**

**Defendant's changes are in red font.**

**Defendant's Proposed Instruction No. 1**

**B9.1A**

**On or About; Knowingly; Willfully – Generally**

You'll see that the Second Superseding Indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

**Defendant's Proposed Instruction No. 2**

**Violation of Asbestos Work Practice Standards**

**Definitions**

There are a number of terms that you will hear throughout my instructions that may be unfamiliar or used in specific ways in the context of this case.  I will define those terms for you now.  These definitions apply to all of the counts and instructions in this case.

The term "asbestos" means the asbestiform varieties including serpentinite (chrysotile).

The term "person" is defined in the Clean Air Act as an individual or corporation, and any agent or employee of a corporation.

The term "facility" means, among other things, any commercial or residential structure, installation, or building.  To be a facility, a residential building must have more than four dwelling units. An installation means any building or structure or any group of buildings or structures of a single renovation site that are under the control of the same owner or operator.

The term "facility component" means any part of a facility including equipment.

The term "renovation" is defined as altering a facility or one or more parts of a facility in any way, including the stripping or removal of regulated asbestos-containing material or "RACM" from any part of a facility.

The term "regulated asbestos-containing material" or "RACM" includes friable asbestos material, and non-friable asbestos-containing material that will be or has been subjected to sanding, grinding, cutting or abrading or has a high probability of becoming or has become crumbled, pulverized, or reduced to powder, by the forces expected to act on the material in the course of renovation operations.

33

[*To aid in clarity, Defense Counsel proposes to list this term before listing the definition of "regulated asbestos-containing material."*] The term "friable asbestos material" means any material containing more than one percent ~~of~~ asbestos as determined using the method specified in appendix E, subpart E, 40 CFFR part 763, section 1, Polarized Light Microscopy, that, when dry, can be crumbled or reduced to powder by hand pressure. If the asbestos content is less than 10 percent as determined by a method other than point counting by polarized light microscopy, the asbestos content must be verified by point counting using polarized light microscopy.

~~The term "resilient floor covering" means asbestos-containing floor tile, including vinyl floor tile.~~

An "owner or operator of a renovation activity" is defined as any person who owns, leases, operates, controls, or supervises the facility being renovated or any person who owns, leases, operates, controls, or supervises the renovation, operation, or both.  The defendant's control over the renovation activity need not be sole or exclusive, that is, he need not be the only one in charge.

The term "strip" means to take off RACM from any part of a facility or facility components.

The term "remove" means to take out regulated asbestos-containing material or facility components that contain or are covered with regulated asbestos-containing material from any facility.

**Defendant's Proposed Instruction No. 3**

**Violation of Asbestos Work Practice Standards**

**Failure to Thoroughly Inspect for Asbestos Prior to Renovation**

**42 U.S.C. § 7413(c)(1)**

In Count One, defendant Philip J. Farley III, is charged with failure to thoroughly inspect a facility where renovation would occur for the presence of asbestos prior to the commencement of renovation activities in violation of the Clean Air Act and NESHAP Asbestos Work Practice Standards.

A defendant can be found guilty of the offense found in Count One only if all of the following facts are proved beyond a reasonable doubt:

1.      On April 26, 2010 to November 18, 2010, the defendant was the owner or operator of a renovation at the facility; ~~and~~

2.      A renovation activity occurred at the facility;

3.      The material disturbed by the renovation activity was regulated asbestos containing material, that is material containing more than 1 percent asbestos as determined using the method specified in appendix E, subpart E, 40 CFR part 763, section 1, that, when dry, can be crumbled, pulverized, or reduced to powder by hand pressure;

4.      The amount of regulated asbestos-containing material disturbed by the renovation was at least 160 square feet; and

5.＿＿＿The defendant knowingly failed to thoroughly inspect the affected facility or part of the facility where the renovation would occur for the presence of asbestos prior to commencement of renovation.

The applicable regulation does not define thorough inspection.  You should use your common sense when determining whether the defendant thoroughly inspected the Urban Style Flats complex for the presence of asbestos prior to commencing a renovation activity.

**Defendant's Proposed Instruction No. 4**

**Violation of Asbestos Work Practice Standards**

**Removal of RACM Without a Properly Trained On-Site Representative**

**42 U.S.C. §§ 7412 and 7413(c)(1)**

In Count Two, defendant Philip J. Farley III is charged with removing and causing the removal of RACM without the presence of a properly trained on-site representative, in violation of the Clean Air Act and Asbestos Work Practice Standards.

A defendant can be found guilty of the offense found in Count Two only if all of the following facts are proved beyond a reasonable doubt:

1. On April 26, 2010 to November 18, 2010, the defendant was the owner or operator of a renovation at the facility;

2. The material disturbed by the renovation activity was regulated asbestos-containing material, that is material containing more than 1 percent asbestos as determined using the method specified in appendix E, subpart E, 40 CFR part 763, section 1, that, when dry, can be crumbled, pulverized, or reduced to powder by hand pressure;

3. The amount of the regulated asbestos-containing material disturbed by the renovation activity was facility contained at least 160 square feet of regulated asbestos-containing material to be disturbed or removed;

3. The defendant knew that asbestos-containing material was to be stripped, removed, handled, or disturbed in the facility; and

4.      The defendant knowingly stripped, removed, handled or disturbed, or caused another person to strip, remove, handle or disturb, regulated asbestos-containing material without the presence of at least one on-site representative trained in asbestos regulation.

The term "on-site representative trained in the provisions of the asbestos regulations and the means of complying with them" means a foreman or management level person or authorized representative of the owner or operator, who has had training that included at a minimum: applicability of the regulations; notifications to EPA in advance of asbestos jobs; material identification; control procedures for removals, including, at least, wetting, local exhaust ventilation, negative pressure enclosures, glove-bag procedures, and High Efficiency Particulate Air (HEPA) filters; waste disposal work practices; reporting and record keeping; and asbestos hazards and worker protection.  This person must also have refresher training in the regulations every two years.

**Defendant's Proposed Instruction No. 5**

**Violation of Asbestos Work Practice Standards**

**Failure to Carefully Lower RACM Removed from a Facility**

**42 U.S.C. §§ 7412 and 7413(c)(1)**

In Count Three, defendant Philip J. Farley III is charged with failing and causing others to fail to carefully lower RACM being stripped or removed from a facility component in violation of the Clean Air Act and NESHAP Asbestos Work Practice Standards.

A defendant can be found guilty of the offense found in Count Three only if all of the following facts are proved beyond a reasonable doubt:

1.  On April 26, 2010 to November 18, 2010, the defendant was the owner or operator of a facility to be renovated;

2.  The material disturbed by the renovation activity was at least 160 square feet of regulated asbestos-containing material, that is material containing more than 1 percent asbestos as determined using the method specified in appendix E, subpart E, 40 CFR part 763, section 1, that, when dry, can be crumbled, pulverized, or reduced to powder by hand pressure;

3.  The amount of the regulated asbestos-containing material disturbed by the renovation activity was ~~facility contained~~ at least 160 square feet ~~of regulated asbestos-containing material to be disturbed or removed~~;

3.  The defendant knew that asbestos-containing material was to be stripped, removed, handled, or disturbed in the facility; and

4.  The defendant knowingly failed, or caused others to fail, to carefully lower removed regulated asbestos-containing material to the floor or ground.

To "carefully lower" means to bring the material to the ground, without dropping, throwing, sliding, damaging or disturbing the material.

**Defendant's Proposed Instruction No. 6**

**Violation of Asbestos Disposal Standards**

**Failure to Deposit at a Proper Disposal Site**

**42 U.S.C. §§ 7412 and 7413(c)(1)**

In Count Four, defendant Philip J. Farley III is charged with failure to deposit all asbestos-containing waste material removed or stripped from Urban Style Flats at a proper waste disposal site in violation of the Clean Air Act and Asbestos Work Practice Standards. In Count Five, defendant Philip J. Farley III is charged with conspiracy to fail to deposit all asbestos-containing waste material removed or stripped from Urban Style Flats at a proper waste disposal site in violation of the Clean Air Act and Asbestos Work Practice Standards.

A defendant can be found guilty of the offenses found in Counts Four and Five only if the following facts are proved beyond a reasonable doubt:

1.    In the periods specified in those counts, the defendant was the owner or operator of a facility to be renovated;

2.    The material disturbed by the renovation activity was at least 160 square feet of regulated asbestos-containing material, that is material containing more than 1 percent asbestos as determined using the method specified in appendix E, subpart E, 40 CFR part 763, section 1, that, when dry, can be crumbled, pulverized, or reduced to powder by hand pressure;

3.    The ~~facility contained~~amount of regulated asbestos-containing material to be disturbed by the renovation activity was at least 160 square feet ~~of regulated asbestos-containing material to be disturbed or removed~~;

34. The defendant knew that asbestos-containing material was to be stripped, removed, handled, or disturbed in the facility; and

45. The defendant knowingly failed and cause others to fail to deposit all regulated asbestos-containing waste material from the facility as soon as was practical at a proper waste disposal site, or an EPA-approved site that converted regulated asbestos-containing material and asbestos-containing waste material into non-asbestos material.

A "proper waste disposal site" for asbestos-containing waste is one which must not have any visible emissions to the outside air or must be covered every 24 hours with specified materials to suppress dust or use an EPA approved alternative emissions control method, must have warning signs and fencing, must maintain waste shipment records, must maintain records of the location, depth and area, and quantity of asbestos containing waste material within the disposal area, and must notify the EPA prior to excavating or otherwise disturbing any asbestos containing waste material.

An "EPA-approved site that converted regulated asbestos-containing material and asbestos-containing waste material into non-asbestos material" means a site constructed after approval by EPA which must provide test results, including results of sample analyses using polarized light microscopy, to demonstrate that such material was or will be successfully converted; must continuously monitor its conversion of materials into asbestos-free materials; must maintain records on-site for its analyses, operating and performance logs, and waste shipments received; and must file quarterly compliance reports with EPA.

**Defendant's Proposed Instruction No. 9**

**O13.1**
**General Conspiracy Charge**
**18 U.S.C. § 371**

It's a separate Federal crime for anyone to conspire or agree with someone else to do something that would be another Federal crime if it was actually carried out.

A "conspiracy" is an agreement by two or more people to commit an unlawful act. In other words, it is a kind of "partnership" for criminal purposes. Every member of a conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement.

The Government does not have to prove that the members planned together all the details of the plan or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

The heart of a conspiracy is the making of the unlawful plan itself followed by the commission of any overt act. The Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) From at least on or about November 18, 2010, through and including on or about December 22, 2010, two or more persons in some way agreed to try to accomplish a shared and unlawful plan to violate the regulations as described in the elements of the charge in Count Four;

(2) the Defendant knew the unlawful purpose of the plan and willfully joined in it;

(3) during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the indictment; and

(4) the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

An "overt act" is any transaction or event, even one that may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy

A person may be a conspirator without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan and willfully joined in the plan on at least one occasion, that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. A person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.